IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Curtis Richardson, #269166, *a/k/a Curtis D.* *Richardson, a/k/a Curtis Dale Richardson,* Sybil McNeil, <br><br> Plaintiffs, <br><br> vs. <br><br> Michael McMillian, U.S. Probation Officer, Brian Johnson, U.S. Probation Officer, Loris Police Chief, *also known as Gary Buley,* Lt. Robinson, <br><br> Defendants. | Case No.: 4:20-cv-3818-JD-TER <br><br><br> **OPINION & ORDER** |

This matter is before the Court with two Reports and Recommendations of United States Magistrate Thomas E. Rogers, III ("Report and Recommendations"), made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina.[1] Plaintiff Curtis Richardson ("Richardson"), proceeding *pro se*, appears to be pursuing a Bivens action against two federal probation officers, while Plaintiff Sybil McNeal, proceeding *pro se*, seeks damages based on alleged civil rights violations pursuant to 42 U.S.C. § 1983 against city police. (DE 9.)

Plaintiffs filed a Complaint against the captioned Defendants on October 30, 2020. (DE 1.) Plaintiffs filed an Amended Complaint on December 4, 2020. (DE 9.) The Court authorized

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

service of process as to Defendants Loris Police Chief and Lt. Robinson ("Served Defendants") only as to Plaintiff McNeil's claims.  (DE 19.)  The first Report and Recommendation recommended that Plaintiff McNeil's severable claims and Defendants Loris Police Chief and Lt. Robinson be transferred to a separate numbered action and that Plaintiff Richardson's claims and Defendants McMillian and Johnson be summarily dismissed with prejudice and without issuance and service of process.  (DE 21, p. 4.)  Plaintiff McNeil did not file any objections, although Plaintiff Robinson filed an Objection to the first Report and Recommendation on March 1, 2021, which simply disagreed with the recommendation as to Plaintiff Richardson's claims but did not cite to any legal basis for error.  (DE 31.)  Accordingly, Plaintiff Richardson's objection is overruled.

On May 11, 2021, the Served Defendants filed a Motion for Summary Judgment.  (DE 39.) As Plaintiff NcNeil is proceeding *pro se*, the Magistrate issued an Order on May 13, 2021, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff McNeil of the motion for summary judgment procedure and the possible consequences if she failed to respond adequately. (DE 54.)  Plaintiff McNeil purportedly filed a response in opposition to the Served Defendants' Motion for Summary Judgment on July 14, 2021. [2]   (DE 52.)   The second Report and

---

[2]     On June 25, 2021, a Motion for Extension of Time (DE 46) to respond to the Motion for Summary Judgment was filed, containing signatures of both Plaintiffs.  The motion explained why Plaintiff Richardson was unable to respond to the Motion for Summary Judgment, but made no mention of Plaintiff McNeil or why she was unable to timely respond. The Court entered a text order explaining that the Motion for Summary Judgment was filed only as to the claims asserted by Plaintiff McNeil and Plaintiff McNeil had failed to show why she was unable to timely respond to the motion. (DE 49.)  Out of an abundance of caution, the Court allowed Plaintiff McNeil specifically an additional ten days to file a response to the Motion for Summary Judgment.  Plaintiff McNeil was warned that a failure to do so may result in a recommendation that her claims be dismissed.  Thereafter, a Response (DE 52) in opposition to the Motion for Summary Judgment was filed by Plaintiff Richardson purportedly on behalf of "Plaintiff Sybil McNeil-Richardson" as her husband and with her consent because she suffers from a mental disorder and a lack of education that prevents her from being able to respond in this matter.  However, Plaintiff McNeil's purported response was stricken, upon motion of the Served Defendants, because Plaintiff Richardson may not file documents on behalf of Plaintiff McNeill.

Recommendation was issued on August 25, 2021, recommending that this action be dismissed in its entirety. (DE 58.)

On September 9, 2021, Plaintiff Richardson attempted to file a Motion for Extension of Time to object to the second Report and Recommendation on behalf of Plaintiff McNeill. (DE 60.) In his filing, Mr. Richardson failed to establish any sufficient legal basis as to why he should be entitled an extension of time to file objections to the second Report and Recommendation (DE 58), in light of the fact that the Report addresses only the claims of Plaintiff McNeil, not those of Mr. Richardson. Accordingly, the Motion for Extension of Time (DE 60) is denied without further discussion.

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an "objection" for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487 (E.D. Va. 2015). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Plaintiff Richardson's objection to the first Report is deemed nonspecific, and Plaintiff McNeil's purported Objection was stricken from the record. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

After a thorough review of the Report and Recommendation and the record in this case, the Court adopts both Reports and Recommendations and incorporates them herein.

It is, therefore, **ORDERED** that Defendants Loris Police Chief and Lt. Robinson's Motion for Summary Judgment (DE 39) is granted, Plaintiff Richardson's Motion for Extension of Time is denied (DE 60), and the remaining Defendants are dismissed with prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
September 21, 2021

4

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.